**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEPHEN KING<br>749 West Turner Street, Apt. 2<br>Allentown, PA 18102<br><br>Plaintiff,<br><br>v.<br><br>DJA AUTOMOTIVE, LLC, t/d/b/a<br>KIA OF WEST CHESTER<br>326 Westtown Road<br>West Chester, PA 19382<br><br>and<br><br>WEST CHESTER AUTOMOTIVE GROUP, INC., t/d/b/a KIA OF WEST CHESTER<br>326 Westtown Road<br>West Chester, PA 19382<br><br>and<br><br>JAMES SIPALA, , t/d/b/a<br>KIA OF WEST CHESTER<br>326 Westtown Road<br>West Chester, PA 19382<br><br>and<br><br>JAMES GIANELOS, , t/d/b/a<br>KIA OF WEST CHESTER<br>326 Westtown Road<br>West Chester, PA 19382<br><br>Defendants. | Civil Action<br><br>Jury Trial Demanded |

**<u>CIVIL ACTION COMPLAINT</u>**

AND NOW comes Plaintiff, Stephen King, by and through his undersigned counsel, and files this Civil Action Complaint, averring as follows:

## I. Introduction

1. Plaintiff, Stephen King, initiates this action against Defendants, his former employers, for violations of the Americans with Disabilities Act of 1990.

## II. The Parties

2. Plaintiff is Stephen King (hereinafter "Plaintiff"), an adult individual currently residing at the above address.

3. Defendant DJA Automotive, LLC, t/d/b/a Kia of West Chester (hereinafter "DJA"), is a limited liability company, created and existing pursuant to the laws of the Commonwealth of Pennsylvania, with a principal place of business at the above address.

4. Defendant West Chester Automotive Group, Inc., t/d/b/a Kia of West Chester (hereinafter "WCAG"), is a corporation, created and existing pursuant to the laws of the Commonwealth of Pennsylvania, with a principal place of business at the above address.

5. Defendant James Sipala, t/d/b/a Kia of West Chester (hereinafter "Sipala"), is an adult individual with a place of business at the above address.

6. Defendant James Gianelos, t/d/b/a Kia of West Chester (hereinafter "Gianelos"), is an adult individual with a place of business at the above address.

7. DJA, WCAG, Sipala, and Gianelos (hereinafter "Defendants") are the owners and operators of the business known as Kia of West Chester.

8. At all times relevant, Defendants acted by and through their agents, servants, and employees, each of whom, at all times relevant, acted within the scope of his or her job duties.

9. Defendants are "employers" within the meaning of the Americans with Disabilities Act because they are engaged in an industry affecting interstate commerce and because they

maintain or maintained fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

## III. Jurisdiction and Venue

10. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

11. The Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

12. The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

13. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendants are located in and conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the unlawful actions set forth herein).

## IV. Procedural and Administrative Requirements

14. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

15. Plaintiff has exhausted the procedural and administrative requirements for proceeding under the Americans with Disabilities Act as follows:

a. On or about July 3, 2008, Plaintiff filed a timely written charge of discrimination (charge no. 530-2008-04353) against Defendants with the Philadelphia office of the Equal Employment Opportunity Commission alleging disability discrimination and retaliation;

b. The Equal Employment Opportunity Commission issued a Notice of Right to Sue on the foregoing charge on or about February 5, 2009;

c. The instant action is timely because it has been initiated within ninety (90) days of receipt of the aforementioned notice;

d. Plaintiff also cross-filed the aforementioned charge of discrimination with the Pennsylvania Human Relations Commission, and will amend this Complaint to include a charge under the Pennsylvania Human Relations Act when the applicable period for investigation has expired.

16. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## V. <u>Factual Background</u>

17. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

18. Plaintiff suffers from diabetes.

19. Plaintiff was hired by Kia on May 19, 2008 as the Finance Manager.

20. Plaintiff was paid $800.00 per week, plus 7% of finance income.

21. On May 23, 2008, Plaintiff was asked to drive a car from a dealer in Coatesville to the dealership.

22. Plaintiff told the owner, Defendant Sipala, that he was diabetic, that his blood sugar was low, and that he needed to get some food.

23. Defendant Sipala told Plaintiff that he was too fat and that he didn't need to eat.

24. Defendant Sipala refused to allow Plaintiff to get food.

25. When Plaintiff returned to the dealership, his blood sugar was so low that he began to feel faint.

26. At that point, Plaintiff went to get some food.

27. When Defendant Sipala found out that Plaintiff had eaten, he fired Plaintiff.

28. Plaintiff was terminated on May 23, 2008.

29. Defendant Sipala told Plaintiff that, based on his observations, Plaintiff was not a good fit.

**Count I**
**Americans with Disabilities Act of 1990**

30. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth as length.

31. Plaintiff suffered from a "disability" as that term is defined in the ADA because he has, or had at all times relevant hereto, a physical impairment that substantially limited/limits one or more major life activities, or because he had a record of such impairment.

32. Plaintiff also suffered from a "disability" as that term is defined in the ADA because he was regarded as and/or perceived by Defendants and their agents as having a physical impairment that substantially limited/limits one or more major life activities.

33. Plaintiff was a "qualified individual with a disability" as that term is defined in the ADA because he was able to perform all of the essential functions of the job as a Finance Manager with or without a reasonable accommodation.

34. In terminating Plaintiff based on his disability, Defendants violated the Americans with Disabilities Act.

35. In refusing to engage in an interactive process to find a reasonable accommodation for Plaintiff's disability, Defendants violated the Americans with Disabilities Act.

36. As a result of Defendants' violations of the ADA, Plaintiff has suffered damages as set forth herein.

***WHEREFORE***, Plaintiff seeks the damages set forth in the *Ad Damnum* clause of this Complaint, *infra.*

**Count II**
**Americans with Disabilities Act - Retaliation**

37. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

38. In requesting an accommodation for his disability, Plaintiff engaged in conduct that is protected under the Americans with Disabilities Act of 1990.

39. In terminating Plaintiff for requesting an accommodation of his disability, Defendants engaged in unlawful retaliation to Plaintiff's protected activity.

40. As a result of Defendants' violations of the ADA, Plaintiff has suffered damages as set forth herein.

***WHEREFORE***, Plaintiff seeks the damages set forth in the *Ad Damnum* clause of this Complaint, *infra.*

***Ad Damnum Clause/Prayer for Relief***

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor and against Defendants and that it enter an Order as follows:

a. Defendants are to be permanently enjoined from discriminating against Plaintiff, or any other employee, on the basis of his disability (or perceived disability) or any other basis prohibited under federal or state law;

b. Defendants are to be permanently enjoined from retaliating against Plaintiff, or any other employee, for engaging in conduct that is protected under federal or state law;

c. Defendants are to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' unlawful actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination and/or retaliation at the hands of Defendants until the date of verdict;

d. Plaintiff is to be awarded actual damages caused to him by Defendants' actions;

e. Plaintiff is to be awarded liquidated and./or punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct, and to deter Defendants or any other employees from engaging in such misconduct in the future;

f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

i. Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendants do not engage – or cease engaging - in illegal retaliation against Plaintiff or other witnesses to this action;

j. That the Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein;

k. Plaintiff's claims against Defendants are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

TIMOTHY M. KOLMAN AND ASSOCIATES

By: /s/ Rufus A. Jennings, Esquire

Timothy M. Kolman, Esquire
Wayne A. Ely, Esquire
Rufus A. Jennings, Esquire
Attorneys for Plaintiff
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

May 1, 2009